**HUBLEY LAW, LTD.**
Gregg A. Hubley, Esq.
Nevada Bar No. 7386
7030 Smoke Ranch Road, Suite B
Las Vegas, NV 89128
Tel:     (702) 789-7529
Fax:    (702) 909-7865
E-mail:  ghubley@hubleylawltd.com

**SAVIN & BURSK**
Adam J. Savin, Esq. (*Pro Hac Vice Application Pending*)
California Bar No. 274899
17337 Ventura Blvd., Suite 200
Encino, California  91316
Tel:     (818) 368-8646
Fax:    (818) 960-0011
E-mail:  ajsavin@savinbursklaw.com

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
Mike Arias, Esq. (*Pro Hac Vice Application Pending*)
California Bar No. 115385
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
Tel:     (310) 844-9696
Fax:    (310) 670-1231
E-mail:  mike@aswtlawyers.com

*Attorneys for Plaintiff Sean McManmon and Estate of Suzanne D. McManmon*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN MCMANMON, Individually; SEAN MCMANMON, as Administrator of the Estate of SUZANNE D. MCMANMON, Deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>G.D. EASTLICK, INC., a Montana corporation; EDWARD CHARLES JOBE, an individual;  DOES I-X, and ROE CORPORATIONS I –X, inclusive,<br><br>          Defendants. | Case No.: 3:18-cv-00056<br><br><br>**COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, NEGLIGENCE PER SE, NEGLIGENT HIRING, TRAINING, AND SUPERVISION, VICARIOUS LIABILITY/RESPONDEAT SUPERIOR AND DEMAND FOR JURY TRIAL** |

Page 1 of 19

1534-0001/252209

COMES NOW, Plaintiff SEAN MCMANMON, both individually and as husband and Administrator of the Estate of SUZANNE D. MCMANMON, deceased, by and through his attorneys of record, Gregg A. Hubley, Esq. of Hubley Law, Ltd., and hereby complains and alleges as follows:

## I.    PARTIES

1.    Plaintiff SEAN MCMANMON ("Plaintiff" or "Sean") is, and at all times relevant hereto was, a resident and citizen of the State of Nevada.

2.    Sean is and was at all times relevant hereto the spouse of the decedent, SUZANNE D. MCMANMON ("Suzanne"), whose untimely death occurred on July 9, 2016. Sean brings this action as the spouse and Administrator of the Estate of Suzanne D. McManmon, and as the representative of the heirs.

3.    Defendant G.D. EASTLICK, INC. ("G.D. Eastlick" or "Defendant") is, and at all times relevant hereto was a corporation organized and incorporated under the laws of the State of Montana, its principal place of business was also located in the State of Montana. On information and belief, G.D. Eastlick owned, supervised, maintained, and controlled a transport business using semi-truck tractor trailers, which regularly traveled to and from the State of Nevada for business and profit, at all times relevant to the allegations of this Complaint.

4.    Upon information and belief, Defendant EDWARD CHARLES JOBE ("Jobe" or "Defendant") is, and at all times relevant hereto was a citizen of the State of Montana who traveled to Elko County, Nevada, regularly as an operator of a semi-truck tractor trailer. Jobe, at all times relevant to the allegations of this Complaint, was operating the commercial motor vehicle which is the subject of this litigation, and on information and belief was an owner, employee and/or agent of G.D. Eastlick, at all times material hereto.

5.    At all relevant times, Defendants DOES I-X were and are unknown to Plaintiff and are believed to be owners, employees or agents of Defendant G.D. Eastlick who acted negligently, carelessly, or recklessly in the operation, control, management, and/or maintenance of the commercial

1534-0001/252209

1   motor vehicle described herein and any and all people who were involved in the incidents described
2   below.  The true names, identities or capacities, whether individual or otherwise, of Defendants DOES
3   I-X are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.
4   Plaintiff is informed and believes and therefore alleges that each of the Defendants sued herein as DOES
5   I-X are responsible in some manner for the injuries to Plaintiff that DOE Defendants I-X contributed to
6   the negligence of Defendants G.D. Eastlick and Jobe or independently created hazards or acted
7   negligently to cause the collision.  Among other issues, DOE Defendants I-X set policies and/or
8   otherwise required employees and agents of G.D. Eastlick to drive at excessive speed, avoid required
9   periods of rest, and operate the vehicles of G.D. Eastlick recklessly and dangerously in order to complete
10   the retrieval or delivery of freight more quickly.  Their actions and/or omissions proximately caused
11   injuries and damages to Plaintiff.  When the true names and capacities of such Defendants become
12   known, Plaintiff will ask leave of Court to amend this Complaint to insert the true names, identities, and
13   capacities, together with proper charges and allegations.

14      6.  At all relevant times, Defendants ROE CORPORATIONS I-X were and are unknown to
15   Plaintiff and are believed to be corporations, firms, partnerships, associations, or other entities involved
16   in the operation, control, management, and/or maintenance of the commercial motor vehicle and events
17   described herein. The true names, identities, or capacities, whether individual, corporate associate, or
18   otherwise of Defendants ROE CORPORATIONS I-X are presently unknown to Plaintiff, who therefore
19   sue said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore alleges
20   that each of the Defendants sued herein as ROE CORPORATIONS are responsible in some manner for
21   the injuries suffered by Plaintiff, in that ROE CORPORATIONS controlled G.D. Eastlick, set policies
22   for G.D. Eastlick, and/or caused or contributed to the negligence of Defendant Jobe or others, as alleged
23   in part in paragraph 5, above, which thereby proximately caused the injuries and damages to the Plaintiff.
24   When the true names and capacities of such Defendants become known, Plaintiff will seek leave of
25   / / /

1534-0001/252209

1   Court to amend this Complaint to insert the true names, identities, and capacities, together with proper

2   charges and allegations.

3       7.      At all times relevant herein, Defendants, and each of them, were the agents, servants,

4   partners, and employees of each and every other Defendant, and were acting within the course and scope

5   of the agency, partnerships, and employment, and, to the extent permitted by law, are jointly and

6   severally liable.

7                       **II.    JURISDICTION AND VENUE**

8       8.      Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully

9   set forth herein.

10      9.      This Court has original diversity jurisdiction herein by virtue of 28 USC §1332 because

11  the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is

12  between citizens of different states.  28 USC §1332(a)(1).

13      10.     Venue is proper in the United States District Court for the District of Nevada, Northern

14  Division, pursuant to 28 U.S.C. §1391(b)(2) since the events giving rise to the claim occurred in this

15  judicial district.  Moreover, pursuant to LR IA 1-6 and 1-8(a), the action arose in Elko County, Nevada,

16  so filing in the unofficial Northern Division of the United States District Court, District of Nevada, is

17  proper.

18      11.     At all times relevant herein, U.S. Route 93 ("Route 93") was a major United States

19  Highway which runs in a northern and southern direction along the eastern edge of the State of Nevada,

20  and specifically in the County of Elko, State of Nevada, which is where the events giving rise to this

21  action occurred.

22                      **III.   GENERAL FACTUAL ALLEGATIONS**

23      12.     Plaintiff herby adopts and incorporates by reference all prior paragraphs as though fully

24  set forth herein.

25  / / /


HUBLEY
L A W,  L T D.
1200 Smoke Ranch Road
Suite B
Las Vegas, NV 89128
702-780-7529

1534-0001/252209

13.     On or about July 9th, 2016 at approximately 12:29 p.m., Suzanne was a passenger of a 2015 Honda CR-V. The vehicle was operated by Cynthia Camilleri ("Cynthia"), Suzanne's mother. The vehicle was traveling southbound on Route 93 at or near the Elko mile marker 90 in the County of Elko, Nevada.

14.     At all times relevant herein, G.D. Eastlick was the registered owner of a certain 2001 Kenworth T2000 commercial motor vehicle bearing Montana license plate number P26807 ("semi-truck tractor trailer").

15.     At all times relevant herein, and on information and belief, Jobe was an owner, employee, and/or agent of Defendant G.D. Eastlick.

16.     At all times relevant herein, Jobe was acting within the scope of his employment and was the operator of the semi-truck tractor trailer which was traveling southbound on Route 93 at or near the Elko mile marker 90 in the County of Elko, Nevada.

17.     At all times relevant hereto, Cynthia fully obeyed all State and Federal laws, and specifically operated her vehicle within the confines of the highway speed limit as she was travelling south on Route 93, with Suzanne as a passenger of the vehicle.

18.     Cynthia was stopped at a red traffic signal in the southbound travel lane at or around mile marker 90 on Route 93. The traffic signal was a temporary precautionary measure that had been installed at the entrance of a construction zone on Route 93. There were two vehicles also stopped at the traffic signal and situated directly in front of Cynthia's vehicle. Jobe was following behind Cynthia's vehicle in the same direction on Route 93.

19.     The semi-truck tractor trailer operated by Jobe approached Cynthia's vehicle at a rate of speed higher than the highway speed limit allowed by Nevada law. In addition, for an extended period of time before the collision, Jobe had been operating the semi-truck tractor trailer in an unsafe manner, swerving in and out of lanes, driving recklessly, almost veering off the road surface, and driving at a speed well in excess of the limits allowed on Route 93.

1534-0001/252209

20.     Instead of reducing his speed when approaching Cynthia's vehicle, which was at a complete stop, Defendant Jobe maintained a speed limit in excess of the permitted speed limit of the highway, colliding into the rear of Cynthia's vehicle at a speed greater than 65 miles per hour.  The impact propelled Cynthia's vehicle through the air, causing it to veer east off of the roadway and overturn completely before coming to a rest.  The impact caused significant damage to the semi-truck tractor trailer that Defendant Jobe was operating and obliterated the rear portion of Cynthia's vehicle.

21.     Defendant Jobe went through Cynthia's vehicle and then collided with the vehicle directly in front of Cynthia's vehicle ("vehicle 3"), with such impact that it also forced vehicle 3 off of the roadway and into the dirt on the side of the road before it came to a rest.  Vehicle 3 was likewise destroyed as a result of the significant impact.

22.     Defendant Jobe's semi-truck tractor trailer was moving at such a velocity that it continued forward after plowing through vehicle 3, and it then collided into another commercial semi-truck tractor trailer stopped at the stop light ("vehicle 4").  Defendant Jobe's semi-truck tractor trailer struck vehicle 4 with such impact hat it also forced vehicle 4 off of the roadway and into the paved shoulder.  The trailer being pulled by vehicle 4 was also destroyed by the force of the impact.

23.     Cynthia suffered severe and debilitating injuries as a result of the collision.  Her daughter, the Plaintiff herein, Suzanne, suffered, among other injuries, severe head trauma as a result of the collision with Defendant Jobe, and Suzanne's injuries were fatal.

24.     State Troopers and Police Officers from the Nevada Highway Patrol and Elko County Sheriff's Department came to the scene of the collision and investigated.  The police officers interviewed the parties involved and numerous witnesses.  As a result of their investigation, the Nevada Highway Patrol determined that Defendant Jobe was at fault for the collision, and Defendant Jobe was cited for violating a plethora of Nevada traffic laws.  Defendant Jobe was cited for the failure to obey a traffic control device, for committing traffic violations in a work zone, for his failure to reduce speed, for following too closely, for failing to drive on the right half of highway, for his failure to properly overtake

1534-0001/252209

1    on the right side of the road in a work zone, for failing to properly overtake on the left side of the road,

2    for driving aggressively and speeding, driving recklessly, for vehicular manslaughter, and for driving

3    while impaired/fatigued/ill.

4        25.    Upon information and belief, the semi-truck tractor trailer which caused the injuries to

5    Suzanne was owned, maintained, controlled, and inspected by Defendants G.D. Eastlick, DOES I

6    through X, and ROE CORPORATIONS I through X.

7        26.    Upon information and belief, the semi-truck tractor trailer which caused the injuries to

8    Suzanne was controlled, supervised, operated, and inspected by Defendants Jobe, DOES I thorough X,

9    and ROE CORPORATIONS I through X.

10        27.    As a direct and proximate result of the Defendant Jobe's negligence and recklessness in

11    the operation of the commercial motor vehicle, and the negligence and recklessness of G.D. Eastlick,

12    DOES I through X, and ROE CORPORATIONS I through X, Suzanne was injured, suffered excessive

13    pain and other injuries and damages, was hospitalized, and lost her life as a direct result of those injuries.

## IV.    WRONGFUL DEATH; NEGLIGENCE

### (As to Defendant Jobe)

16        28.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully

17    set forth herein.

18        29.    Sean is and was at all times relevant hereto the spouse of the decedent, Suzanne, whose

19    untimely death occurred on July 9, 2016. Sean brings this action as the spouse and Administrator of the

20    Estate of Suzanne D. McManmon, and as the representative of the heirs.

21        30.    Jobe owed a duty of care to Suzanne and others lawfully traversing on the roads to operate

22    his commercial motor vehicle safely and to exercise ordinary care, in a careful, responsible, and

23    reasonably safe manner so as to not negligently cause injury or death to those persons lawfully on the

24    roadway, including Suzanne.

25    ///

HUBLEY
L A W, L T D
9500 Smoke Ranch Road
Suite B
Las Vegas, NV 89128
702-788-7526

1534-0001/252209

31.     In breach of his duty of care, Jobe was guilty of one or more of the following negligent acts and/or omissions:

  a.  He operated, maintained and controlled a semi-truck tractor trailer without keeping a sufficient look-out ahead for vehicles and persons on the roadway;

  b.  He failed to ensure that the roadway was clear of vehicular traffic prior to accelerating his speed on the highway;

  c.  He failed to yield the right of way to vehicles traveling in the same lane which were either stopped or traveling at a lawful rate of speed;

  d.  He accelerated his semi-truck tractor trailer after approaching a traffic signal displaying a red light instead of reducing his speed and coming to a stop;

  e.  He failed to slow or stop the semi-truck tractor trailer at a traffic signal indicating a red light, and he allowed insufficient time to bring the semi-truck tractor trailer to a stop behind the vehicles that were also stopped at the red light;

  f.  He failed to keep the semi-truck tractor trailer under control at all times;

  g.  He failed to slow or stop the semi-truck tractor trailer to avoid colliding with the automobile being driven by Cynthia, causing Suzanne's death;

  h.  He failed to afford Cynthia and Suzanne proper and sufficient notice and warning of the approach of his semi-truck tractor trailer, such that sufficient time was not allowed for Cynthia to veer into another lane, otherwise properly protect herself and her passengers, or take other action to try to avoid the collision;

  i.  He made the intentional, dangerous, and erroneous decision to continue driving, failing to pull over and clear the roadway while his ability to drive was otherwise impaired;

  j.  He was distracted, and/or otherwise careless, reckless, aggressive, and negligent.

32.     As a direct and proximate cause of Jobe's negligent, careless, and reckless acts and/or omissions, Plaintiff has suffered the wrongful death of his spouse, Suzanne, and has thereby suffered,

HUBLEY
L A W,  L T D
7250 Smoke Ranch Road
Suite B
Las Vegas, NV 89128
702 768-7520

1534-0001/252209

1  and continues to suffer, grief, loss of guidance, sorrow, severe emotional distress, mental pain, loss of

2  companionship, society, comfort, all or some of which may be permanent and disabling in nature, as

3  well as damages for pain, suffering, and disfigurement of his wife, as contemplated by NRS 41.085,

4  leading to general and compensatory damages.

5      33.    Expenses for medical care, treatment and expenses incidental thereto were incurred for

6  medical treatment provided to Suzanne. The amount of her bills for past medical care due to the fatal

7  injuries sustained as a result of Jobe's negligence is in an amount that has not yet been ascertained.

8  Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to

9  proof at time of trial, and these special damages were a direct and proximate result of Jobe's negligent

10  acts and/or omissions. Defendants should therefore be responsible for paying all of these special

11  damages.

12      34.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, Plaintiff

13  endured pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and will continue to

14  endure such losses for an indefinite period of time in the future. Leave to amend this Complaint is

15  requested, so that this amount can be introduced so as to conform to proof at time of trial.

16      35.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, Plaintiff was

17  forced to incur funeral expenses for Suzanne. Leave to amend this Complaint is requested, so that the

18  amount of funeral expenses can be introduced to conform to proof at time of trial.

19      36.    Jobe's negligent, careless, and reckless acts and/or omissions were done with such

20  conscious disregard for the safety of others safely traversing the roadways, including Suzanne, that his

21  conduct rises to the level of malice, willfulness, and a deliberate failure to act and/or refrain from acting

22  in order to avoid the collision. Jobe's negligent, careless and reckless acts resulted in Suzanne's

23  untimely death. Accordingly, Plaintiff is entitled to an award of punitive damages from Defendant.

24  ///

25  ///

1534-0001/252209

1  37. As a further proximate result of Jobe's negligent acts and/or omissions, Plaintiff was
2  forced to retain the services of attorneys in this matter and therefore seeks reimbursement of all
3  attorney's fees and costs incurred.

4  ## V. VICARIOUS LIABILITY

5  ### (As to Defendant G.D. Eastlick)

6  38. Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully
7  set forth herein.

8  39. At all times relevant herein, G.D. Eastlick employed Jobe as a driver of the semi-truck
9  tractor trailer that collided with Cynthia's vehicle and caused the death of Suzanne. Jobe was under
10  G.D. Eastlick's direct supervision, employ and control when he committed the wrongful and negligent
11  acts described herein. Jobe engaged in this conduct while acting in the course and scope of his
12  employment with G.D. Eastlick and/or negligently acted and/or failed to act by virtue of his job-created
13  apparent authority.

14  40. At all times alleged herein, G.D. Eastlick granted authority to Jobe to perform as an agent
15  within G.D. Eastlick. G.D. Eastlick owed a duty to Plaintiff and Suzanne to employ competent
16  personnel, including drivers, who were adequately trained to properly operate, control and maintain
17  commercial motor vehicles such that the operation of the motor vehicle did not cause injuries to others
18  lawfully on the roads, including the death of Suzanne.

19  41. Jobe was acting to serve the interests of his employer when he was operating the
20  commercial motor vehicle and collided with the vehicle in which Suzanne was traveling, causing her
21  injuries and, ultimately, her death. Upon information and belief, Jobe was acting to serve the interests
22  of his employer when he made the decision to remain on the roadway despite an impairment in order to
23  complete his delivery within a certain time-frame, as required and/or encouraged by his employer, G.D.
24  Eastlick, without regard for the safety of others, including Plaintiff herein.

25  ///

HUBLEY
L A W, L T D
1520 Smoke Ranch Road
Suite D
Las Vegas, NV 89128
702-788-7526

1    42.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, Plaintiff has

2  suffered the wrongful death of his spouse, Suzanne, and has thereby suffered, and continues to suffer,

3  grief, loss of guidance, sorrow, severe emotional distress, mental pain, loss of companionship, society,

4  comfort, all or some of which may be permanent and disabling in nature, as well as damages for pain,

5  suffering, and disfigurement of his wife, leading to general and compensatory damages.

6    43.    Expenses were incurred for medical care, treatment and expenses incidental thereto, that

7  was provided to Suzanne. The amount of bills for her past medical care due to the fatal injuries sustained

8  as a result of Jobe's negligence is in an amount that has not yet been ascertained.  Leave to amend this

9  Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial,

10  and these special damages were a direct and proximate result of Jobe's negligent acts and/or omissions.

11  Defendants should therefore be responsible for paying all of these special damages.

12    44.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, Plaintiff

13  endured pain and suffering, anxiety, emotional distress, loss of enjoyment of life, and will continue to

14  endure such losses for an indefinite period of time in the future.  Leave to amend this Complaint is

15  requested, so that this amount can be introduced so as to conform to proof at time of trial.

16    45.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, Plaintiff was

17  forced to incur funeral expenses for Suzanne.  Leave to amend this Complaint is requested, so that the

18  amount of funeral expenses can be introduced to conform to proof at time of trial.

19    46.    Jobe's negligent, careless, and reckless acts and/or omissions as described herein were

20  done with such conscious disregard for the safety of others safely traversing the roadways, including

21  Suzanne, that rises to the level of malice, willfulness, and a deliberate failure to act and/or refrain from

22  acting in order to avoid the collision.  Accordingly, Plaintiff is entitled to an award of punitive damages

23  from Defendant.

24  / / /

25  / / /

Page 11 of 19

47.     As a further proximate result of Jobe's negligent acts and/or omissions, Plaintiff was forced to retain the services of attorneys in this matter and therefore seeks reimbursement of all attorney's fees and costs incurred.

## VI.     NEGLIGENT HIRING, TRAINING, AND SUPERVISION

### (As to G.D. Eastlick)

48.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

49.     Jobe was, on information and belief, employed by Defendant G.D. Eastlick as a commercial motor vehicle driver.  Jobe breached duties of care owed to Plaintiff and Suzanne by negligently and recklessly operating his commercial motor vehicle such that it collided with Cynthia's vehicle, causing severe and fatal injuries to Suzanne, as detailed, *supra*.  G.D. Eastlick failed to properly investigate Jobe prior to employing him, failed to properly train him, and/or failed to appropriately monitor and supervise him.

50.     G.D. Eastlick owed a duty to Plaintiff and Suzanne to employ competent drivers to safely traverse the roads and operate their commercial motor vehicles.  G.D. Eastlick owed a duty to Plaintiff and Suzanne to employ drivers who were adequately trained to act in accordance with the Rules of the Road of the State of Nevada, so as not to cause collisions and injuries to others lawfully on the road.

51.     As a direct and proximate result of the negligent acts and/or omissions, by the employees, officers and/or agents of G.D. Eastlick, this Defendant, G.D. Eastlick, breached its duty to Plaintiff and Suzanne by failing to employ professional personnel who were adequately trained to protect drivers lawfully on the roads from foreseeable harm, resulting in severe and fatal injuries to Suzanne, as detailed, *supra*.

52.     The conduct of G.D. Eastlick demonstrated a conscious disregard of known accepted procedures, protocols, and industry policies, all with the knowledge or utter disregard that such conduct could or would expose Cynthia, Suzanne and other drivers lawfully on the roads to a heightened risk of

1534-0001/252209

1  injury and damages. Specifically, and upon information and belief, G.D. Eastlick implemented policies
2  which encourage and/or require its drivers to adhere to strict time limits for completion of their deliveries
3  and return to the hub as quickly as possible, regardless of the obligations and responsibilities owed to
4  others on the road. Moreover, G.D. Eastlick did not properly advise Jobe and other employees/agents
5  of G.D. Eastlick who operated semi-truck tractor trailers of their responsibility for the safety of others
6  and their obligation to pull over if they felt impaired in any way.

7      53.    But for the negligence of G.D. Eastlick, by its failure to investigate, employ, train and
8  properly supervise Jobe, Suzanne would not have been fatally injured due to Jobe's negligent and
9  reckless driving on July 9, 2016.

10      54.    But for the negligence of G.D. Eastlick, Suzanne would not have suffered from the
11  extreme pain, suffering, and injuries, nor would she and her family have incurred additional monetary
12  expenses for medical treatment and her death, all of which resulted from Jobe's negligence and
13  recklessness on July 9, 2016.

14      55.    But for the negligence of G.D. Eastlick, Plaintiff would not have suffered from the death
15  of his spouse, grief, loss of guidance, sorrow, severe emotional distress, mental pain, loss of
16  companionship, society, comfort, pain and suffering, anxiety, and loss of enjoyment of life, all of which
17  were endured by Plaintiff as a result of the collision and Jobe's negligence and recklessness on July 9,
18  2016.

19      56.    G.D. Eastlick, including its agents, employees, officers and/or servants negligently failed
20  to develop, implement, and/or utilize proper processes and procedures to ensure that its employees,
21  agents, officers and/or servants were not operating, maintaining and/or controlling their commercial
22  motor vehicles negligently and recklessly, and without regard for the safety of persons on the roadway.

23      57.    As a direct and proximate cause of G.D. Eastlick's negligent acts and/or omissions,
24  Plaintiff has suffered the wrongful death of his spouse, Suzanne, and has thereby suffered, and continues
25  to suffer, grief, loss of guidance, sorrow, severe emotional distress, mental pain, loss of companionship,



HUBLEY
L A W , L T D
7230 Smoke Ranch Road
Suite B
Las Vegas, NV 89128
702-758-7526

1534-0001/252209

1  society, comfort, all or some of which may be permanent and disabling in nature, as well as damages

2  for pain, suffering, and disfigurement of his wife, leading to general and compensatory damages.

3      58.     Expenses have been incurred for medical care to Suzanne, treatment and expenses

4  incidental thereto. The amount of her bills for past medical care due to the fatal injuries sustained as a

5  result of G.D. Eastlick's negligence is in an amount that has not yet been ascertained. Leave to amend

6  this Complaint is requested, so that this amount can be introduced so as to conform to proof at time of

7  trial, and these special damages were a direct and proximate result of Jobe's negligent acts and/or

8  omissions. Defendants should therefore be responsible for paying all of these special damages.

9      59.     As a direct and proximate cause of G.D. Eastlick's negligent acts and/or omissions,

10  Plaintiff endured pain and suffering, anxiety, emotional distress, and loss of enjoyment of life, and will

11  continue to endure such losses for an indefinite period of time in the future. Leave to amend this

12  Complaint is requested, so that this amount can be introduced so as to conform to proof at time of trial.

13      60.     As a direct and proximate cause of G.D. Eastlick's negligent acts and/or omissions,

14  Plaintiff was forced to incur funeral expenses for Suzanne. Leave to amend this Complaint is requested,

15  so that the amount of funeral expenses can be introduced to conform to proof at time of trial.

16      61.     G.D. Eastlick's negligent, careless, and reckless acts and/or omissions were done with

17  such conscious disregard for the safety of others safely traversing the roadways, including Suzanne,

18  such that it rises to the level of malice, willfulness, and a deliberate failure to act and/or refrain from

19  acting in order to avoid the collision. Accordingly, Plaintiff is entitled to an award of punitive damages

20  from Defendant.

21      62.     As a further proximate result of G.D. Eastlick's negligent and reckless acts and/or

22  omissions, Plaintiff was forced to retain the services of attorneys in this matter and therefore seeks

23  reimbursement of all attorney's fees and costs incurred.

24  ///

25  ///

1534-0001/252209

1

## VII.    NEGLIGENCE PER SE

2

### (As to Defendant Jobe)

3  63.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully
4  set forth herein.

5  64.    NRS Chapter 484B requires the owners and operators of motor vehicles in the State of
6  Nevada to adhere to the Rules of the Road. Defendant Jobe was cited for violations of NRS Chapter
7  484B, causing a collision on July 9, 2016. Specifically, Jobe violated NRS 484B.127, NRS 484B.200,
8  NRS 484B.210, NRS 484B.213, NRS 484B.307, NRS 484B.600, NRS 484B.603, NRS 484B.650, NRS
9  484B.653, NRS 484B.657, and 49 CFR 329.3 (collectively "The Statutes").

10  65.    Defendant Jobe violated The Statutes when he failed properly operate, control and
11  maintain the semi-truck tractor trailer he was operating and failed to obey all applicable traffic signs and
12  signals, causing his commercial motor vehicle to collide with Cynthia's motor vehicle, as well as
13  vehicles 3 and 4, causing injuries to others and resulting in Suzanne's death.

14  66.    Defendant Jobe violated The Statutes by his failure to properly operate, control and
15  maintain his vehicle, his failure to obey a traffic control device, his dangerous driving in a work zone,
16  his failure to reduce speed, his following other vehicles too closely, his failure to drive on the right half
17  of highway, his failure to properly overtake on the road, his driving aggressively and speeding, driving
18  recklessly, and driving while impaired/fatigued/ill. But for his failure to abide by The Statutes, Suzanne
19  would not have suffered fatal injuries, nor would Plaintiff have suffered the loss of his wife, both of
20  which resulted in extreme pain, medical treatment, permanent disfigurement, death, monetary expenses,
21  and psychological trauma.

22  67.    The purpose of The Statutes are to ensure safety in traversing upon the roadways. The
23  Statutes were designed to avoid severe injuries by cautioning operators of vehicles on the road to control,
24  maintain, and operate their vehicles in a reasonably safe manner. The Statutes are intended to ensure
25  ///



1534-0001/252209

1 that operators of vehicles on the road adhere to the Rules of the Road in order to effectively, efficiently,

2 and safely traverse the roadways so as to avoid collisions, bodily injuries, property damages, and death.

3       68.    Suzanne was a part of the class of persons The Statutes were intended to protect, in that

4 she was a passenger of a vehicle lawfully traversing upon the roadways of the State of Nevada.

5       69.    Suzanne's injuries and subsequent death were the direct and proximate result of Jobe's

6 violation of The Statutes, and her injuries were the types of injuries which The Statutes were intended

7 to protect, as the purpose of the Statutes is to provide safety to drivers lawfully on the roadways and

8 highways and to protect against bodily injury.

9       70.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, and violations

10 of The Statutes, Plaintiff has suffered the wrongful death of his spouse, Suzanne, and has thereby

11 suffered, and continues to suffer, grief, loss of guidance, sorrow, severe emotional distress, mental pain,

12 loss of companionship, society, comfort, all or some of which may be permanent and disabling in nature,

13 as well as damages for pain, suffering, and disfigurement of his wife, leading to general and

14 compensatory damages.

15       71.    Expenses have been incurred for Suzanne's medical care, treatment and expenses

16 incidental thereto. The amount of bills for past medical care due to the fatal injuries sustained as a result

17 of Jobe's negligence, and violations of The Statutes, is in an amount that has not yet been ascertained.

18 Leave to amend this Complaint is requested, so that this amount can be introduced so as to conform to

19 proof at time of trial, and these special damages were a direct and proximate result of Jobe's negligent

20 acts and/or omissions. Defendants should therefore be responsible for paying all of these special

21 damages.

22       72.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, and violations

23 of The Statutes, Plaintiff endured pain and suffering, anxiety, emotional distress, loss of enjoyment of

24 life, and will continue to endure such losses for an indefinite period of time in the future. Leave to

25 / / /

1534-0001/252209

1    amend this Complaint is requested, so that this amount can be introduced so as to conform to proof at

2    time of trial.

3          73.    As a direct and proximate cause of Jobe's negligent acts and/or omissions, and violations

4    of The Statutes, Plaintiff was forced to incur funeral expenses for Suzanne.  Leave to amend this

5    Complaint is requested, so that the amount of funeral expenses can be introduced to conform to proof at

6    time of trial.

7          74.    Jobe's negligent, careless, and reckless acts and/or omissions, as well as his violations of

8    The Statutes, were done with such conscious disregard for the safety of others safely traversing the

9    roadways, including Suzanne, that his conduct rises to the level of malice, willfulness, and a deliberate

10   failure to act and/or refrain from acting in order to avoid the collision.  Accordingly, Plaintiff is entitled

11   to an award of punitive damages from Defendant.

12         75.    As a further proximate result of Jobe's negligent acts and/or omissions, and violations of

13   The Statutes, Plaintiff was forced to retain the services of attorneys in this matter and therefore seeks

14   reimbursement of all attorney's fees and costs incurred.

15                          **VIII.   LOSS OF CONSORTIUM**

16                              **(As to All Defendants)**

17         76.    Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully

18   set forth herein.

19         77.    The pain and suffering that Suzanne experienced, as a result of Jobe's negligent acts

20   and/or omissions, as described herein, which caused severe and fatal injuries to Suzanne, has impacted

21   the society and relations of Plaintiff.

22         78.    As a proximate result of Defendants' negligence and/or reckless conduct, Plaintiff has

23   suffered general damages including, but not limited to, loss of consortium, society, love, support,

24   companionship, and emotional distress, caused by the damages sustained by Suzanne's untimely and

25   unnecessary death, and Defendants should be held responsible for these damages.

HUBLEY
L A W,  L T D
7220 Smoke Ranch Road
Suite B
Las Vegas, NV 89128
702-788-7529

1534-0001/252209

1    79.    As a further proximate result of Defendants' negligent acts and/or omissions, Plaintiff

2    was forced to retain the services of attorneys in this matter and therefore seeks reimbursement of all

3    attorney's fees and costs incurred.

4                                    IX.    **FOR RELIEF**

5    WHEREFORE, Plaintiff prays for Judgment against Defendants, and each of them, as follows:

6    1.    An award of general damages according to proof upon trial to Plaintiff;

7    2.    An award of special damages according to proof upon trial to Plaintiff;

8    3.    An award of punitive damages to Plaintiff for the oppressive and malicious conduct of

9    Defendants;

10    4.    For reasonable attorneys' fees incurred herein;

11    5.    For Plaintiff's costs and disbursements of this suit; and

12    6.    For such and further relief as this Court may deem just and equitable.

13    / / /

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /



HUBLEY
L A W, L T D.
7230 Smoke Ranch Road
Suite D
Las Vegas, NV 89128
702-789-7529

1534-0001/252209

1

## X.    DEMAND FOR JURY TRIAL

2    Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff

3   is entitled to, and hereby demands, a trial by jury in these proceedings.

4        Dated this 31st day of January, 2018.

5
                                                        HUBLEY LAW, LTD.
6

7                                                By: _____
                                                     Gregg A. Hubley, Esq.
8                                                    Nevada Bar No. 7386
                                                     7030 Smoke Ranch Road, Suite B
9                                                    Las Vegas, Nevada 89128

10                                                   -And-

11                                                   **SAVIN & BURSK**
                                                     Adam J. Savin, Esq. (Pro Hac Vice
12                                                   Application Pending)
                                                     California Bar No. 274899
13                                                   17337 Ventura Blvd., Suite 200
                                                     Encino, California  91316
14
                                                     -And-
15
                                                     **ARIAS SANGUINETTI WANG &**
16                                                   **TORRIJOS, LLP**
                                                     Mike Arias, Esq. (Pro Hac Vice Application
17                                                   Pending)
                                                     California Bar No. 115385
18                                                   6701 Center Drive West, 14th Floor
                                                     Los Angeles, CA 90045
19
                                                     *Attorneys for Plaintiff Sean McManmon and*
20                                                   *Estate of Suzanne D. McManmon*

21

22

23

24

25

1534-0001/252209